IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KENNETH LEE NICKOSON,**

       **Plaintiff,**

**v.**                                 **CIVIL ACTION NO.: 3:22-CV-87 (GROH)**

**RACHAEL BAUMGARDNER, RN,
ALAN BARNETT, MD, and
WEXFORD HEALTH SOURCES, INC.,**

       **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Currently before the Court is a Sealed Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on May 20, 2023. ECF No. 87. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's Complaint with prejudice. The Plaintiff timely filed his objections to the R&R on June 20, 2023. ECF No. 93. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On May 12, 2022, Kenneth Lee Nickoson ("Plaintiff"), filed a Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Plaintiff alleges four grounds for relief against the Defendants. Specifically, his claims revolve around alleged organ damage caused by receiving the wrong medications and inappropriate dosages.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims—with two exceptions. The Plaintiff's first objection is to footnote 1 in the R&R. Therein, the R&R includes the Plaintiff's criminal history according to West Virginia's Department of Corrections website. The Plaintiff argues, and the Undersigned finds, that this information is not germane to his claims and is irrelevant. Accordingly, the Court sustains his first objection to the inclusion of this information and does not rely upon it in anyway in this Order. Next, the Plaintiff notes that the R&R incorrectly states he filed his Complaint on September 23, 2022. This is wrong. As the Plaintiff notes, he filed his Complaint on May 12, 2022. ECF No. 1. Accordingly, Plaintiff's (2a) and (2b) objections are also sustained. For ease of review, the Court incorporates the remaining facts from the R&R herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit

objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review."  Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766.  Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R.

Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

The Plaintiff objects to the R&R's statement that Defendant "Baumgardner provided the plaintiff with the wrong medication." ECF No. 93 at 2. Plaintiff's objection 2(d) is overruled. The Plaintiff's Complaint, with regard to Defendant Baumgardner, says, "she was aware that the meds I was getting was the wrong meds . . . ." ECF No. 1 at 8.

Objection 2(e) expresses the Plaintiff's dissatisfaction with certain characterizations in by "[t]he courts." This objection is not to any specific factual contention or legal argument in the R&R, and is therefore, overruled.

Objection 3(a) incorrectly summarizes the material to which the objection is made. The objection claims "an attorney admitted there was wrongdoing." ECF No. 93 at 3. This is in reference to the R&R's summarization of part of Defendant Baumgardner's argument: "Even if the outside facility advised the Plaintiff that he should not be on the prescribed medications, at best, this amounts to a claim for medical malpractice, which is insufficient to support a claim for deliberate indifference." ECF No. 87 at 5 (quoting ECF No. 38 at 7). The Defendant does not concede anything. Instead, her argument is that the absolute best Plaintiff could possibly establish in this case is a claim for medical malpractice, which fails to rise to the level required in this cause of action. The objection is overruled.

The Plaintiff's remaining "objections" are either general grievances or lack specificity or relevance to the legal issues before this Court, and they are overruled. Nonetheless, the Court will address the Plaintiff's challenge to Magistrate Judge Trumble's authority to enter Orders in this case. This civil action was referred to Judge Trumble pursuant to this Court's Local Rules and the authority bestowed upon him, through the District Court, as more fully described in 28 U.S.C. § 636. Specifically, "a judge may also designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . ." 28 U.S.C. § 636(b)(1)(B).

When a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002). Thus, the Court has reviewed the remainder of the R&R for clear error and finds none.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that the Plaintiff's Objections should be **OVERRULED** except for objections (1), (2a), and (2b), which are **SUSTAINED**. ECF No. 93. Magistrate Judge Trumble's Report and Recommendation [ECF No. 87] is hereby **ORDERED ADOPTED IN PART** for the reasons more fully stated therein and incorporated as if they were set forth in this Order.

Further, the Defendants' Motions to Dismiss [ECF Nos. 33, 35, & 37] are **GRANTED**, and the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. ECF No. 1. The Plaintiff's Appeal of Judge Trumble's Order Terminating as Moot Plaintiff's Motions to State a Claim [ECF No. 91] is summarily **DENIED**. Judge Trumble's Order was not

erroneous. Further, all outstanding motions not addressed in this Order shall be **TERMINATED as MOOT**.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein and to the pro se Plaintiff, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** September 21, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE